UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON MARK,

        Plaintiff,

  v.

        Case No. 22-cv-493-pp

VICKI SEIBEL-GARVEY, JOSPEH STRANO
and ANGELA KEENER,

        Defendants.

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL OR DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 15) AND ORDERING PLAINTIFF TO UPDATE ADDRESS WITH THE COURT OR EXPLAIN WHY HE HAS NOT RESPONDED TO DEFENDANTS' NOTICE OF DEPOSITION**

On April 22, 2022, the plaintiff—who is representing himself—filed a complaint alleging that the defendants had retaliated against him for exercising his First Amendment rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On September 26, 2022, the court granted the motion to proceed without prepaying the filing fee, dkt. no. 5 at 1–3, and screened the complaint, id. at 3–7. After summarizing the complaint and analyzing its claims, the court found that the plaintiff's claims were not "frivolous or malicious" and that the complaint appeared to contain sufficient facts to state a claim for which a federal court could grant relief:

> At this very early stage, and construing the plaintiff's claims liberally as the court must in the case of a self-represented plaintiff, the court

1

> concludes that the plaintiff has—just barely—stated a claim that the
> plaintiffs retaliated against him in violation of the First Amendment.

Id. at 7. See 28 U.S.C. §1915(e)(2).

On November 21, 2022, the defendants filed an answer. Dkt. No. 9. The next day, the court ordered the parties to file a joint Rule 26(f) report by December 13, 2022. Dkt. No. 10. The defendants requested an extension, dkt. no. 11, which the court granted, dkt. no. 12. On December 15, 2022, the parties filed their joint Rule 26(f) plan. Dkt. No. 13. The court issued a scheduling order the following day. Dkt. No. 14.

For the next five and a half months, there was no activity on the docket. The discovery period closed on May 26, 2023. Dkt. No. 14. On June 6, 2023, the defendants filed a motion asking the court to compel the plaintiff to respond to a notice of deposition or, alternatively, to dismiss the case for the plaintiff's failure to prosecute. Dkt. No. 15. The motion explains that defense counsel had attempted to contact the plaintiff via email to schedule a deposition but had received no response: "Counsel sent Plaintiff a notice of deposition on May 19, 2023, and after not hearing back, followed up on May 23 and June 1, receiving no response." Id. at 1. It asserts that the defendants contacted the plaintiff by email because defense counsel does not know the plaintiff's current physical address, and that defense counsel and the plaintiff previously had communicated via email regarding Rule 26(a)(1) disclosures and the parties' joint Rule 26(f) report. Id. at 1–2. The defendants state that they "seek to take the Plaintiff's deposition in order to prepare a dispositive motion," that the plaintiff has failed to respond and they wish the court to order the

2

plaintiff to update his address with the court and participate in the deposition. Id. at 2.

Between September 13, 2021 and September 30, 2022, the plaintiff filed ten cases in this court: 21-cv-1065, 21-cv-1189, 22-cv-262, 22-cv-493 (this case), 22-cv-1144, 22-cv-1145, 22-cv-1146, 22-cv-1152, 22-cv-1153 and 22-cv-1154.[1] On March 23, 2023, the plaintiff filed in five of those cases a motion asking the court stay the cases for ninety days so that he could "secure a job, catch up on his bills . . . and purchase materials necessary for the prosecution of this case." Case No. 22-cv-1144 at Dkt. No. 12; Case No. 22-cv-1145 at Dkt. No. 12; Case No. 22-cv-1146 at Dkt. No. 12; Case No. 22-cv-1153 at Dkt. No. 12; and Case No. 22-cv-1154 at Dkt. No. 12. In his requests for stay, the plaintiff provided notice of a change of address, updating his address to 50 N. Portland St., Fond du Lac, WI 54935. In each case, the court granted the plaintiff's request, stayed the case for ninety days and administratively closed the case. See Dkt. No. 14 in each case. And in each case, the order the court had mailed to the plaintiff at the address he had provided was returned as undeliverable. See Dkt. No. 15 in each case. The defendants mailed their motion to compel to that same address (50 N. Portland Street in Fond du Lac). Dkt. No. 15-1.

The plaintiff did *not* request a stay in the instant case. In this case, the court has not heard from the plaintiff since it received his magistrate judge

---

[1] The plaintiff filed an additional seventeen cases with this court between December 16, 2020 and January 7, 2021.

consent form on May 20, 2022—fifteen months ago. Dkt. No. 4. On December 14, 2022, the court issued an order acknowledging that the defendants had informed the court that they had been unable to reach the plaintiff to discuss and draft the joint Rule 26(f) report, informing the plaintiff of his obligation to diligently prosecute his case and ordering the plaintiff to respond to the defendants. Dkt. No. 12. On December 15, 2022, the defendants filed a "Joint Report on Discovery Plan and Scheduling." Dkt. No. 13. The pleading included a statement that "[t]he parties attest that they have discussed each of the above issues." Id. at ¶9. The court infers from the wording of paragraph 9 that defense counsel spoke with the plaintiff prior to filing the pleading, but the first paragraph of the report lists only the defendants as the reporting parties and the last page is signed only by defense counsel.

On June 29, 2023, the defendants filed a motion to stay the dispositive motion deadline, which the court had set for June 30, 2023. Dkt. No. 16. The defendants noted that the plaintiff had not responded to their motion to compel/dismiss and informed the court that although the defendants had mailed the motion to the plaintiff, it had been returned as undeliverable and the plaintiff had not updated his address on the docket. Id. The defendants argued that if the plaintiff declined to participate further in the litigation, the case should be dismissed. Id. The next day, the court issued an order granting the defendants' motion to stay the dispositive motions deadline. Dkt. No. 17. The court mailed that order to the plaintiff and there is no indication on the docket that it was returned as undeliverable.

"Litigants are responsible for maintaining communication with the court during their lawsuit," In re Ericson, 175 F. App'x 58, 60 (7th Cir. 2006), and a litigant is "responsible for monitoring the status of his case by periodically checking the court's docket." Shaffer v. Lashbrook, 962 F.3d 313, 317 (7th Cir. 2020). An "inability to receive mail [does] not relieve [a party] of [the] obligation to monitor the court's docket . . . ." Harris v. Emanuele, 826 F. App'x 567, 569 (7th Cir. 2020) (citing Shaffer, 962 F.3d at 317). "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." Civil Local Rule 41(c) (E.D. Wis.). A litigant's *pro se* status does not excuse failure to comply with procedural rules, but "where a plaintiff brings an action *pro se*, and so is particularly in need of the court's patience and instruction, [the Seventh Circuit] has consistently held that a district court *must* give explicit warning prior to dismissing the case for want of prosecution." In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995) (emphasis in original) (citations omitted). See Ericson, 175 F. App'x at 60 (citing Bluestein for principle that "[i]n this circuit, a district court must warn a pro se litigant before dismissing her case").

The defendants appear to assume that the plaintiff no longer lives at the Portland Street address. That may be, but that does not explain why the plaintiff did not respond to the defendants' emails. Before it issues an order compelling the plaintiff to appear for a deposition, the court must try to determine whether the plaintiff received the defendants' notice of deposition.

The court **GRANTS** the defendants' motion to compel to the extent that it asks the court to order the plaintiff to provide the court with a valid address. Dkt. No. 15.

The court **ORDERS** that by the end of the day on **September 27, 2023**, the plaintiff must provide the court with a written update of his mailing and email addresses. He must send his correct mailing and email addresses in time for the court to *receive* them by the end of the day on September 27, 2023. If the court does not receive from the plaintiff updated mailing and email addresses, or some written explanation of why he did not respond to the defendants' notice of deposition, by the end of the day on September 27, 2023, the court will *dismiss this case* without prejudice for the plaintiff's failure to diligently pursue it. If the court receives a response from the plaintiff by the end of the day on September 27, 2023, it will issue an order requiring the plaintiff to appear for a deposition.

Because it is not clear whether the plaintiff has been receiving filings made by the defendants and the court at his physical mail address, the court will send a copy of this order to the plaintiff via email at jonmark316@yahoo.com (the email address the defendants had been using to communicate with him). It is not the policy of the court to provide filings to unrepresented parties via email and the court *will not* provide any future filings via email. It is the *plaintiff's* responsibility to make sure he can receive the important documents that the court and defense counsel send him. The court sends orders to unrepresented parties by U.S. mail. It will not change its

practices, and create additional work for its staff, for a single plaintiff. It is the *plaintiff's* responsibility to inform the court if his mailing address has changed.

Dated in Milwaukee, Wisconsin this 6th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**