UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON MARK,

   Plaintiff,

 v.

              Case No. 22-cv-493-pp

VICKI SEIBEL-GARVEY, JOSPEH STRANO
and ANGELA KEENER,

   Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO DILIGENTLY PURSUE IT**

---

  On April 22, 2022, the plaintiff—who is representing himself—filed a complaint alleging that the defendants had retaliated against him for exercising his First Amendment rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On September 26, 2022, the court granted the motion to proceed without prepaying the filing fee, dkt. no. 5 at 1-3, and screened the complaint under 28 U.S.C. §1915(e)(2), id. at 3-7. After summarizing the complaint and analyzing its claims, the court found that the plaintiff had stated a cognizable claim for First Amendment retaliation. Id. at 7.

  On December 15, 2022, the parties filed a joint Rule 26(f) plan, dkt. no. 15, and on the following day, the court issued the scheduling order, dkt. no. 16. But after the court issued the December 16, 2022 scheduling order, there was no activity on the docket until June 6, 2023—eleven days after the close of

1

discovery. On that date, the defendants filed a motion asking the court to compel the plaintiff to respond to a notice of deposition or to dismiss the case for the plaintiff's failure to prosecute. Dkt. No. 15. The motion explained that defense counsel had attempted to contact the plaintiff via email to schedule a deposition but had received no response. Id. at 1. It asserted that the defendants had contacted the plaintiff by email because defense counsel did not know the plaintiff's current physical address, and that defense counsel and the plaintiff previously had communicated via email regarding Rule 26(a)(1) disclosures and the parties' joint Rule 26(f) plan. Id. at 1–2. The defendants explained that they sought to take the plaintiff's deposition in preparation for a dispositive motion and that the plaintiff had failed to respond; they asked the court to order the plaintiff to update his address with the court and participate in the deposition. Id. at 2.

Several weeks later, the defendant filed another motion, this time asking the court to stay the dispositive motion deadline until the plaintiff "respond[ed] to the [June 6, 2023] motion [to compel or dismiss] or otherwise participate[d] in the case." Dkt. No. 16 at 1. The defendants explained that a copy of their June 6, 2023 motion to compel or dismiss "was mailed to Plaintiff but returned as undeliverable and Plaintiff ha[d] not updated his address on the docket." Id. The next day, the court issued a text-only order granting the defendants' motion to stay the dispositive motions deadline. Dkt. No. 17. The court mailed a copy of the order to the plaintiff, and the docket does not indicate that it was returned as undeliverable.

2

Approximately two months later—still having heard nothing from the plaintiff—the court ruled on the defendants' June 6, 2023 motion to compel the plaintiff to participate in a deposition or to dismiss the case for the plaintiff's failure to prosecute. Dkt. No. 18. After summarizing the plaintiff's prolific case-filing history in the U.S. District Court for the Eastern District of Wisconsin, see dkt. no. 18 at 3 & n.1 (indicating that the plaintiff had filed seventeen cases with the court between December 16, 2020 and January 7, 2021, and an additional ten cases between September 13, 2021 and September 30, 2022), his lack of involvement in the instant case, see id. at 3-4 (providing that the court had not heard from the plaintiff since it had received his magistrate jurisdiction consent form fifteen months prior) and expressing concern that the court lacked an up-to-date mailing address for the plaintiff, the court granted the defendants' motion to compel "to the extent that it asks the court to order the plaintiff to provide the court with a valid address," id. at 6. The court ordered the plaintiff to "provide [it] with a written update of his mailing and email addresses," warning that if it did not receive the update by the end of the day on September 27, 2023, the court would dismiss the case without prejudice for the plaintiff's failure to diligently pursue it. Id. The court also stated that it would send a copy of the order to the plaintiff via mail and via the email address the defendants had been using to communicate with him, given that it was unclear whether the plaintiff had been receiving filings at his physical mail address. Id.

The September 27, 2023 deadline has passed, and the court has not received anything from the plaintiff. The court will enforce its previous order and dismiss this case without prejudice on ground that the plaintiff has failed to diligently pursue it. <u>See</u> Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). Although dismissal without prejudice means that the plaintiff may refile this case at a later date (subject to the statute of limitations), the court advises the plaintiff that continued failure to diligently litigate any case he files likely will result in dismissal of that case as well, perhaps with prejudice.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to diligently pursue it. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:22-cv-00493-PP   Filed 10/11/23   Page 4 of 4   Document 19